Dax R. Watson [No. 020054]
Chad R. Kaffer [No. 022909]
**MACK DRUCKER & WATSON, PLC**
3200 N. Central Avenue, Suite 1200
Phoenix, Arizona 85012
Telephone: (602) 778-9900
Facsimile: (602) 778-9947

*Attorneys for Plaintiff*

docket@mackazlaw.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| CHRISTOPHER LARSON, | CASE NO. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| WHITE MOUNTAIN GROUP, LLC, a Delaware limited liability company; SOLVERDI WORLDWIDE, LTD., an Australian corporation; RICHARD CARRIGAN and JANE DOE CARRIGAN, husband and wife DENNIS DANZIK and JANE DOE DANZIK, husband and wife; WHITE CORPORATIONS I-X, BLACK LIMITED LIABILITY COMPANIES I-X AND GREEN PARTNERSHIPS I-X, | 1. Breach of Contract<br>2. Breach of Covenant<br>3. Fraud<br>4. Securities Fraud<br>5. Consumer Fraud<br>6. Civil Racketeering<br>7. Conversion |
| Defendants. | |

Plaintiff, Christopher Larson, for his Complaint against Defendants, alleges as follows:

### PARTIES AND JURISDICTION

1.  Plaintiff Christopher Larson is a resident of Maricopa County, Arizona.

. . .

. . .

1

2. Defendant White Mountain Group, LLC ("White Mountain") is a Delaware limited liability company, and committed acts and/or omissions within the State of Arizona giving rise to this Complaint.

3. Defendant Solverdi Worldwide, Ltd. ("Solverdi") is an Australian corporation, and committed acts and/or omissions within the State of Arizona giving rise to this Complaint.

4. Upon information and belief, Defendant Richard Carrigan and Jane Doe Carrigan (the "Carrigans") are husband and wife, upon information and belief, the Carrigans reside in the State of Arizona and/or committed acts and/or omissions within the State of Arizona giving rise to this Complaint on behalf of their shared marital community.

5. Upon information and belief, Defendant Dennis Danzik and Jane Doe Danzik (the "Danziks") are husband and wife, upon information and belief, the Danziks reside in the State of Arizona and/or committed acts and/or omissions within the State of Arizona giving rise to this Complaint on behalf of their shared marital community.

6. White Corporations I-X, Black Limited Liability Companies I-X and Green Partnerships I-X, are duly formed corporations, limited liability companies, and partnerships, respectively, and committed acts and/or omissions within the State of Arizona giving rise to this Complaint.

7. Upon information and belief, Defendants Jane Doe Carrigan, Jane Doe Danzik, White Corporations I-X, Black Limited Liability Companies I-X and Green Partnerships I-X, are fictitious names for defendants that have committed acts and/or omissions within the State of Arizona giving rise to this Complaint.

8. This Court properly has jurisdiction over this action.

9. This Court is the proper venue for this action.

## GENERAL ALLEGATIONS

10. On or about Thursday, October 29, 2009, Plaintiff entered into a Promissory Note and Security Agreement (the "Note") with Defendant White Mountain under the terms of which Plaintiff agreed to lend $160,000.00 dollars (the "Principal Amount") to Defendant White Mountain. A true and accurate copy of that Note is attached hereto and labeled as ***Exhibit "A."***

11. Receipt of the Principal Amount was acknowledged by Defendant White Mountain by the terms of the Note.

12. Pursuant to Section 1 of the Note, entitled "Maturity Date; Interest," interest upon the Principal Amount was to be calculated at a rate of 7.5% *per annum*, commencing on February 25, 2009.

13. Per that same section, Defendant White Mountain agreed to make an initial payment of $50,000.00 toward the principal and interest due under the Note on or before December 15, 2009; and, to make additional installment payments of $10,000.00 every month thereafter until the Note is paid in full.

14. As of the date of this Complaint, Defendant White Mountain has failed to make that initial December 15, 2009 payment, or any payment thereafter.

15. Pursuant to Section 2 of the Note, entitled "Defaults and Remedies," the failure of Defendant White Mountain to pay any amount when due constitutes a default of Defendant White Mountain's obligations under the Note.

*Y:\Clients\Larson-White Mountain\2168.003\Pleadings\Complaint.doc*

16. Per that same section, upon a default under the terms of the Note by Defendant White Mountain, Plaintiff is entitled to an accelerated interest rate on the unpaid Principal Amount at the rate of 12% *per annum*, as well as the right to accelerate Defendant White Mountain's payment of that Principal Amount and interest.

17. In addition, any payment due under the Note not paid within five days of the due date for that payment is subject to a charge of 10% of that payment amount.

18. Moreover, pursuant to Section 3 of the Note, entitled "Security Interest," Defendant White Mountain agreed to secure Plaintiff's loan of the Principal Amount by holding for the benefit of Plaintiff 3,000,000 shares in the common stock of Australian Stock Exchange ("ASX") listed as Defendant Solverdi Worldwide, Ltd, a company in which Defendant White Mountain owns a majority and controlling interest.

19. In addition, Defendant White Mountain agreed to grant and/or execute any additional security instruments necessary to secure Plaintiff commensurate with the Principal Amount.

20. Furthermore, on the same date of execution of the Note, October 29, 2009, Plaintiff entered into an additional agreement (the "Guarantee") with Defendant White Mountain and Defendant Solverdi, under the terms of which Defendant White Mountain guaranteed its payment of the Note, and further agreed to transfer 500,000 shares of common stock held by Defendant White Mountain in Defendant Solverdi to Plaintiff. A copy of that Guarantee is attached hereto and labeled as ***Exhibit "B."***

. . .

. . .

Y:\Clients\Larson-White Mountain\2168.003\Pleadings\Complaint.doc

21. Per the terms of the Guarantee, those shares were to be immediately transferred upon execution of the Note in consideration for wages owed to Plaintiff in his capacity as the former Chief Financial Officer of Defendant Solverdi Worldwide.

22. Plaintiff did not receive a stock certificate evidencing the transfer of those shares.

## COUNT I - Breach Of Contract

*(Defendant White Mountain)*

23. All prior allegations are incorporated herein as though fully set forth.

24. Plaintiff has fully performed his obligation under the Note with Defendant White Mountain.

25. Without legal justification or excuse, Defendant White Mountain has failed and refused to pay Plaintiff that sum certain amount due and owing under the Note and is, therefore, in breach.

26. As a result of Defendant White Mountain's breach as alleged hereunder, Plaintiff has been required to retain the services of an attorney and is, therefore, entitled to the reimbursement of its reasonable attorneys' fees and taxable costs expended herein pursuant to A.R.S. §§ 12-341 and 12-341.01.

WHEREFORE, with respect to Claim I of Plaintiff's Complaint, Plaintiff prays for and respectfully requests the following relief:

    A.    Damages in a sum certain amount of $160,000.00, together with 10% of each payment amount due thereunder;

. . .

B.    For pre- and post-judgment interest at the rate of 12% *per annum* from the date Plaintiff's damages became liquidated;

C.    For reasonable attorneys' fees and costs herein pursuant to A.R.S. §§ 12-341 and 12-341.01 which in the event of default shall not be less than $5,000.00; and

D.    For such other and further relief as this court deems just and proper.

## COUNT II - Breach Of Covenant

### (*Defendant White Mountain*)

27.    All prior allegations are incorporated herein as though fully set forth.

28.    Under Arizona law, all contracts are imputed with a covenant of good faith and fair dealing that requires that the parties thereto commit no act that would deprive the other of the benefit of their bargain.

29.    As a result of Defendant White Mountain's actions alleged hereunder, Plaintiff has been prohibited from receiving the benefit of its bargain under the Note with Defendant White Mountain.

30.    Defendant White Mountain is without legal justification or excuse for depriving Plaintiff of the benefit of its bargain, and, therefore, Defendant White Mountain is in breach of its duty of good faith arising out of the Note.

31.    As a result of Defendant White Mountain's actions as alleged hereunder, Plaintiff has been required to retain the services of an attorney, and is therefore entitled to the reimbursement of its reasonable attorneys' fees and taxable costs expended herein pursuant to A.R.S. §§ 12-341 and 12-341.01.

WHEREFORE, with respect to Claim II of Plaintiff's Complaint, Plaintiff prays for and respectfully requests the following relief;

    A.    Damages in a sum certain amount of $160,000.00, together with 10% of each payment amount due thereunder;

    B.    For pre- and post-judgment interest at the rate of 12% *per annum* from the date Plaintiff's damages became liquidated;

    C.    For reasonable attorneys' fees and costs herein pursuant to A.R.S. §§ 12-341 and 12-341.01 which in the event of default shall not be less than $5,000.00; and

    D.    For such other and further relief as this court deems just and proper.

## COUNT III- Breach Of Contract

*(Defendant Solverdi)*

32.    All prior allegations are incorporated herein as though fully set forth.

33.    Plaintiff has fully performed his obligation under the Guarantee with Defendant Solverdi.

34.    Without legal justification or excuse, Defendant Solverdi has failed and refused to transfer stock for that sum certain amount due and owing under the Guarantee and is, therefore, in breach.

35.    As a result of Defendant Solverdi's breach as alleged hereunder, Plaintiff has been required to retain the services of an attorney and is, therefore, entitled to the reimbursement of its reasonable attorneys' fees and taxable costs expended herein pursuant to A.R.S. §§ 12-341 and 12-341.01.

Y:\Clients\Larson-White Mountain\2168.003\Pleadings\Complaint.doc

WHEREFORE, with respect to Claim III of Plaintiff's Complaint, Plaintiff prays for and respectfully requests the following relief:

A. Damages in a sum certain amount of $50,000.00;

B. For pre- and post-judgment interest at the rate of 10% *per annum* from the date Plaintiff's damages became liquidated;

C. For reasonable attorneys' fees and costs herein pursuant to A.R.S. §§ 12-341 and 12-341.01 which in the event of default shall not be less than $5,000.00; and

D. For such other and further relief as this court deems just and proper.

## COUNT IV- Breach Of Covenant

### *(Defendant Solverdi)*

36. All prior allegations are incorporated herein as though fully set forth.

37. Under Arizona law, all contracts are imputed with a covenant of good faith and fair dealing that requires that the parties thereto commit no act that would deprive the other of the benefit of their bargain.

38. As a result of Defendant Solverdi's actions alleged hereunder, Plaintiff has been prohibited from receiving the benefit of its bargain under the Guarantee.

39. Defendant Solverdi is without legal justification or excuse for depriving Plaintiff of the benefit of its bargain, and, therefore, Defendant Solverdi is in breach of its duty of good faith arising out of the Guarantee.

40. As a result of Defendant Solverdi's actions as alleged hereunder, Plaintiff has been required to retain the services of an attorney, and is therefore entitled to the

reimbursement of its reasonable attorneys' fees and taxable costs expended herein pursuant to A.R.S. §§ 12-341 and 12-341.01.

WHEREFORE, with respect to Claim IV of Plaintiff's Complaint, Plaintiff prays for and respectfully requests the following relief;

    A.    Damages in a sum certain amount of $50,000.00;

    B.    For pre- and post-judgment interest at the rate of 10% *per annum* from the date Plaintiff's damages became liquidated;

    C.    For reasonable attorneys' fees and costs herein pursuant to A.R.S. §§ 12-341 and 12-341.01 which in the event of default shall not be less than $5,000.00; and

    D.    For such other and further relief as this court deems just and proper

### COUNT V- Fraud

*(All Defendants)*

41. All prior allegations are incorporated herein as though fully set forth.

42. Defendants Carrigan and White Mountain made statements to Plaintiff that Defendant White Mountain would repay the value of its Note to Plaintiff.

43. Defendants Danzik and Solverdi made statements to Plaintiff that Defendant Solverdi intended to transfer 50,000 shares of stock to Plaintiff.

44. Those statements were false at the time they were made, and Defendants, and each of them, knew those statements were false.

45. Plaintiff was not aware that those statements were false at the time that they were made.

46. Plaintiff relied upon those statements in making those investments and loans of capital to Defendants and was entitled to so rely upon those statements.

47. As a result of that reliance, Plaintiff has been damaged.

48. Defendants, and each of them, engaged in such conduct with a conscious disregard for the rights of Plaintiff, and with malice, such that an award of punitive damages is necessary to deter Defendants from similar future conduct.

WHEREFORE, with respect to Claim V of Plaintiff's Complaint, Plaintiff prays for and respectfully requests the following relief:

A. Damages in an amount to be proven at trial;

B. For an award of punitive damages;

C. For pre- and post-judgment interest from the date Plaintiff's damages became liquidated;

D. For reasonable attorneys' fees and costs herein, which in the event of default shall not be less than $5,000.00; and

E. For such other and further relief as this court deems just and proper.

## COUNT VI- Securities Fraud

*(All Defendants)*

49. All prior allegations are incorporated herein as though fully set forth.

50. The Arizona Securities Act A.R.S. § 44-1801, *et. seq.* defines a security as "any note, stock . . . certificate of interest or participation in any profit sharing agreement . . . or in general any instrument commonly known as a 'security'."

51. The Note and Guarantee constitute a "security" under federal and Arizona law.

10

52. Plaintiff had no control over those funds Plaintiff lent to Defendants White Mountain and Solverdi under the terms of the Note and the Guarantee.

53. The expectation of a return on the Note and Guarantee was based upon the actions of someone other than Plaintiff.

54. Defendants Danzik and Carrigan made improper and untruthful statements to Plaintiff to induce Plaintiff to enter into the Note and Guarantee, and to divest Plaintiff of the funds loaned thereunder.

55. Plaintiff loaned funds pursuant to those statements.

56. The acts of Defendants, and each of them, were necessary to and a substantial factor in the offer and sale of the securities to Plaintiff.

57. Defendants' acts constitute fraud in the sale of securities such that those acts involved a device, scheme, or artifice to defraud Plaintiff whereby Defendants made untrue statements of material facts and omissions of material facts, and engaged in transactions, practices or courses of conduct which operated as fraud or deceit.

58. Defendants, and each of them, engaged in such conduct with a conscious disregard for the rights of Plaintiff, and with malice, such that an award of punitive damages is necessary to deter Defendants from similar future conduct.

WHEREFORE, with respect to Claim VI of Plaintiff's Complaint, Plaintiff prays for and respectfully requests the following relief:

    A.    Rescission of Plaintiff's investment;

    B.    For an award of punitive damages;

. . .

  C. For pre- and post-judgment interest from the date Plaintiff's damages became liquidated;

  D. For civil penalties in the amount of not less than $5,000.00 for each violation by Defendants pursuant to A.R.S. § 44-2037;

  E. For reasonable attorneys' fees and costs herein pursuant to A.R.S. §§ 44-2001 and 44-2002, which in the event of default shall not be less than $5,000.00; and

  F. For such other and further relief as this court deems just and proper.

## COUNT VII- Consumer Fraud

### *(All Defendants)*

59. All prior allegations are incorporated herein as though fully set forth.

60. Defendants Carrigan and White Mountain made statements to Plaintiff that Defendant White Mountain would repay the value of its Note to Plaintiff.

61. Defendants Danzik and Solverdi made statements to Plaintiff that Defendant Solverdi intended to transfer 50,000 shares of stock to Plaintiff.

62. Those statements were false at the time they were made, and Defendants knew those statements were false.

63. Plaintiff was not aware that those statements were false at the time that they were made.

64. Plaintiff relied upon those statements in making those investments and loans of capital to Defendants and was entitled to so rely upon those statements.

65. As a result of that reliance, Plaintiff has been damaged.

66. Defendants' false representations were made in connection with the sale of securities, and is therefore in violation of A.R.S. § 44-1521, *et. seq.* ("Consumer Fraud Act").

67. Defendants, and each of them, engaged in such conduct with a conscious disregard for the rights of Plaintiff, and with malice, such that an award of punitive damages is necessary to deter Defendants from similar future conduct.

WHEREFORE, with respect to Claim VII of Plaintiff's Complaint, Plaintiff prays for and respectfully requests the following relief:

    A.    Damages in an amount to be proven at trial;

    B.    For an award of punitive damages;

    C.    For pre- and post-judgment interest from the date Plaintiff's damages became liquidated;

    D.    For reasonable attorneys' fees and costs herein, which in the event of default shall not be less than $5,000.00; and

    E.    For such other and further relief as this court deems just and proper.

## COUNT VIII - Negligent Misrepresentation

### *(All Defendants)*

68. All prior allegations are incorporated herein as though fully set forth.

69. Defendants Carrigan and White Mountain breached their duties to Plaintiff by making statements that Defendant White Mountain would repay the value of its Note to Plaintiff.

. . .

70. Defendants Danzik and Solverdi breached their duties to Plaintiff by making statements that Defendant Solverdi intended to transfer 50,000 shares of stock to Plaintiff.

71. Those statements were false at the time they were made, and Defendants knew or should have known those statements were false.

72. Plaintiff was not aware that those statements were false at the time that they were made.

73. Plaintiff relied upon those statements in making those investments and loans of capital to Defendants and was entitled to so rely upon those statements.

74. As a result of that reliance, Plaintiff has been damaged.

75. Defendants, and each of them, engaged in such conduct with a conscious disregard for the rights of Plaintiff, and with malice, such that an award of punitive damages is necessary to deter Defendants from similar future conduct.

WHEREFORE, with respect to Claim VIII of Plaintiff's Complaint, Plaintiff prays for and respectfully requests the following relief:

    A.    Damages in an amount to be proven at trial;

    B.    For an award of punitive damages;

    C.    For pre- and post-judgment interest from the date Plaintiff's damages became liquidated;

    D.    For reasonable attorneys' fees and costs herein, which in the event of default shall not be less than $5,000.00; and

    E.    For such other and further relief as this court deems just and proper.

. . .

## COUNT IX – Conversion

### (*All Defendants*)

76. All prior allegations are incorporated herein as though fully set forth.

77. By reason of the representations and acts hereinabove alleged, Defendants, and each of them, converted or caused to be converted Plaintiff's investment proceeds for Defendants' own personal use.

78. Plaintiff's investment proceeds were, at all times mentioned, rightfully owned by and the personal property of Plaintiff.

79. By reason of Defendants' conversion of the subject proceeds, Plaintiff has been damaged in an amount according to proof and representing the costs incurred, including attorneys' fees, in an attempt to recover the converted property.

80. Defendants, and each of them, engaged in such conduct with a conscious disregard for the rights of Plaintiff, and with malice, such that an award of punitive damages is necessary to deter Defendants from similar future conduct.

WHEREFORE, with respect to Claim VIIII of Plaintiff's Complaint, Plaintiff prays for and respectfully requests the following relief:

    A.    Damages in an amount to be proven at trial;

    B.    For an award of punitive damages;

    C.    For pre- and post-judgment interest from the date Plaintiff's damages became liquidated;

    D.    For reasonable attorneys' fees and costs herein, which in the event of default shall not be less than $5,000.00; and

E. For such other and further relief as this court deems just and proper.

## COUNT X – Civil Racketeering

*(All Defendants)*

81. All prior allegations are incorporated herein as though fully set forth.

82. Defendants, and each of them, engaged in a pattern of unlawful gain as set forth herein.

83. Defendants' pattern of unlawful activity caused damages to Plaintiff.

84. Plaintiff's damages were a reasonably foreseeable consequence of Defendants' unlawful activity.

85. Defendants, and each of them, engaged in such conduct with a conscious disregard for the rights of Plaintiff, and with malice, such that an award of punitive damages is necessary to deter Defendants from similar future conduct.

WHEREFORE, with respect to Claim X of Plaintiff's Complaint, Plaintiff prays for and respectfully requests the following relief:

A. An award to Plaintiff of those monies invested in Defendants White Mountain and Solverdi, together with treble damages;

B. An award of Plaintiffs' attorneys' fees and taxable costs incurred in bringing this action;

C. An injunctive order freezing the assets of Defendants White Mountain and Solverdi;

D. An order reorganizing Defendants White Mountain and Solverdi;

Y:\Clients\Larson-White Mountain\2168.003\Pleadings\Complaint.doc

E. A declaratory judgment that Defendants are the constructive trustees of any assets acquired through those monies provided to Defendants White Mountain and Solverdi by Plaintiff;

F. An award of punitive damages;

G. An award of prejudgment interest at the statutory rate upon the principal amount of damages incurred;

H. For any and all other relief this Court deems just or appropriate.

WITH REGARD TO ALL CLAIMS raised within Plaintiff's Complaint, Plaintiff requests judgment in its favor, together with an award of attorneys' fees and taxable costs, which in the event of a default shall be not less than $5,000.00; and, any other relief this Court deems to be just and appropriate.

DATED this **2nd** day of June 2011.

                                        **MACK DRUCKER & WATSON, P.L.C.**

                                        By */S/ Chad R. Kaffer*
                                            Dax R. Watson
                                            Chad R. Kaffer
                                            *Attorneys for Plaintiff*

**ORIGINAL** of the foregoing filed via the
Court's electronic filing system this **2nd** day
of June 2011.

*/S/ Berlinda Corpora*

Y:\Clients\Larson-White Mountain\2168.003\Pleadings\Complaint.doc

## VERIFICATION

I certify under penalty of perjury that I, Christopher Larson, am Plaintiff in the above-captioned matter; I have read the foregoing Complaint, and hereby verify that the allegations made therein are true and correct, except as to those matters alleged upon information and belief, which I believe to be true.

Dated this __31__ day of May, 2011.

By _____
Christopher Larson