**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Larson, | CV 11-01111-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| White Mountain Group LLC; Solverdi Worldwide Limited; Richard Carrigan; Unknown Carrigan, | |
| Defendants. | |

The court has before it Richard and Melissa Carrigan ("the Carrigans") and Dennis and Elizabeth Danzik's ("the Danziks") motion to dismiss for lack of jurisdiction (doc. 37), plaintiff's response (doc. 42), the Carrigans and the Danziks' reply (doc. 48), and White Mountain Group's ("White Mountain") joinder in the motion to dismiss (doc. 49). We also have before us plaintiff's motion to dismiss the Danziks (doc. 43), the Danziks' motion to set aside default (doc. 27), and the Carrigans' motion to set aside default (doc. 34). In addition, we have the Carrigans' motion for sanctions (doc. 53), plaintiff's response (doc. 57), and the Carrigans' reply (doc. 58). Finally, we have White Mountain's motion for summary judgment (doc. 50) and plaintiff's response (doc. 59). The motion for summary judgment is not fully briefed. It does not appear that defendant Solverdi Worldwide ("Solverdi") has been served, and it has not appeared in these proceedings.

**I. Background**

This case arises out of a dispute concerning a promissory note executed between

plaintiff and White Mountain, where plaintiff agreed to lend $160,000 to White Mountain. Under the terms of the note, White Mountain agreed to secure the note by holding for plaintiff's benefit 3 million shares in Solverdi common stock, and further agreed to transfer 500,000 shares of Solverdi common stock owned by White Mountain to plaintiff. Plaintiff alleges that he has not received the money owed to him or the promised Solverdi stock.

Plaintiff filed this action on June 2, 2011, asserting ten counts for relief: (1) breach of contract against White Mountain; (2) breach of covenant against White Mountain; (3) breach of contract against Solverdi; (4) breach of covenant against Solverdi; (5) fraud; (6) securities fraud under A.R.S. § 44-1801; (7) consumer fraud; (8) negligent misrepresentation; (9) conversion; and (10) civil racketeering. Plaintiff identifies himself as a "resident" of Arizona, White Mountain as a "Delaware limited liability company," Solverdi as an "Australian corporation," and identifies the Carrigans and Danziks upon information and belief as "resid[ing] in the State of Arizona." Compl. at 1-2. Plaintiff's jurisdictional statement alleges, in its entirety, that "(t)his Court properly has jurisdiction over this action." Id. at 3.

Upon plaintiff's application, the clerk entered default against the Danziks on July 14, 2011 (doc. 15), against White Mountain on July 21, 2011 (doc. 17), and against the Carrigans on August 23, 2011 (doc. 22). The Danziks and the Carrigans separately moved to set aside default. At the same time, the Danziks and the Carrigans filed a motion to dismiss for lack of jurisdiction. Defendant White Mountain later joined in the motion. Asserting that dismissal of the Danziks would cure any jurisdictional deficiencies, plaintiff filed a notice dismissing the Danziks on September 27, 2011 (doc. 44). The United States Magistrate Judge held a post-default hearing in Flagstaff on the issue of damages owed by White Mountain only on October 5, 2011. Finally, the Carrigans moved for sanctions against plaintiff on October 13, 2011.

Plaintiff has maintained in all of his representations to this court that diversity jurisdiction over the dispute is proper. Throughout these proceedings, plaintiff has been represented by Chad R. Kaffer and Dax R. Watson of the firm Mack Drucker & Watson,

PLC.

## II. Motion to Dismiss for Lack of Jurisdiction

The Carrigans and White Mountain ("the defendants") jointly move to dismiss plaintiff's complaint pursuant to Rule 12(b)(1), Fed. R. Civ. P. An attack on jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. can be either facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A party making a facial challenge contends that a complaint's allegations "are insufficient on their face to invoke federal jurisdiction." Id. In a factual challenge, the party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. In this case, defendants mount a facial attack. They argue that the jurisdictional allegations in the complaint are deficient on their face to support either federal question or diversity jurisdiction.[1] Plaintiff contends that his complaint properly alleges jurisdiction, and that his dismissal of the Danzik defendants cured any jurisdictional deficiencies.

Diversity jurisdiction extends to civil actions between "[c]itizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The party who asserts diversity jurisdiction "bears the burden" of proving its existence. Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). Defendants initially argued in their motion to dismiss that plaintiff's complaint demonstrates the absence of diversity jurisdiction on its face due to the presence of the Danziks. Because plaintiff alleged that both he and the Danziks are residents of Arizona, defendants correctly noted that diversity of citizenship was lacking.[2] See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 472 (1996) (diversity jurisdiction exists only where citizenship of each plaintiff differs from citizenship of each defendant).

Plaintiff initially argues that his failure to include a detailed statement setting forth the

---

[1] Plaintiff does not argue that federal question jurisdiction exists. Consequently, we will not discuss defendants' arguments that federal question jurisdiction is lacking.

[2] The complaint also alleges that the Carrigans are residents of Arizona. It is undisputed that the Carrigans are actually living in Nevada.

- 3 -

grounds for jurisdiction does not warrant dismissal, "provided the complaint reveals a proper basis for jurisdiction." Resp. to Mot. to Dismiss at 4. Plaintiff's complaint, however, does not reveal a proper basis for jurisdiction for three reasons. First, as discussed above, plaintiff's inclusion of the Danzik defendants destroyed complete diversity. Second, plaintiff's complaint fails to allege the citizenship of the parties. Section 1332 requires that diversity actions be between citizens of different states. Plaintiff alleges the residency of the natural parties. An allegation of residency is insufficient, because "[i]t is black letter law that, for purposes of diversity, '[r]esidence and citizenship are not the same thing.'" Seven Resorts, Inc. v. Cantlen, 57 F.3d 771, 774 (9th Cir. 1995) (citing Mantin v. Broad. Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957)). Plaintiff's allegations of the corporate entities' citizenship is similarly lacking. He states only that Solverdi "is an Australian corporation." Compl. at 2. A corporation, however, is a citizen of both its principal place of business and its state of incorporation. Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Finally, plaintiff fails to allege the citizenship of White Mountain, a limited liability company (LLC). An LLC "is a citizen of every state of which its owners/members are citizens." Id. Although plaintiff alleges that White Mountain "is a Delaware limited liability company," Compl. at 2, he fails to identify the citizenship of each of White Mountain's members. For all of these reasons, plaintiff's complaint does not on its face reveal a proper basis for diversity jurisdiction.

Next, plaintiff argues that even a failure to plead "any factual ground supporting" jurisdiction does not mandate dismissal, "where requirements of notice pleading were met, and defendant was on notice of [the] complaint." Resp. to Mot. to Dismiss at 4. Plaintiff contends that defendants' objections to the complaint are "form over substance," because defendants are on notice of this action. Id. at 5. But notice is irrelevant if jurisdiction is lacking. This is because subject-matter jurisdiction is a restriction placed on the federal courts' power to adjudicate cases by Article III of the Constitution. "[N]o action of the parties can confer subject-matter jurisdiction upon a federal court." Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S. Ct. 2099, 2104 (1982).

1    Indeed, a court is required to deny jurisdiction *sua sponte* "in all cases where such
2    jurisdiction does not affirmatively appear in the record." Id. (citation omitted). Thus,
3    defendants' notice of the complaint has no bearing on the outcome of their motion to dismiss.
4        Plaintiff concedes that his complaint as originally filed was jurisdictionally defective,
5    because both he and the Danziks are Arizona citizens. However, plaintiff argues that the
6    defect was cured by his voluntary dismissal of the Danziks, thus rendering diversity
7    jurisdiction proper and dismissal of defendants' motion appropriate. Diversity jurisdiction
8    can be cured by dismissal of the party destroying diversity. See Grupo Dataflux v. Atlas
9    Global Grp., L.P., 541 U.S. 567, 572-73, 124 S. Ct. 1920, 1925 (2004). Although plaintiff's
10   dismissal of the Danziks solves one problem, the complaint's other jurisdictional deficiencies
11   - the failure to adequately plead the citizenship of the remaining natural parties and the
12   corporate entities - remains. Dismissal of the Danziks does not defeat the defendants' facial
13   attack on jurisdiction.
14       Plaintiff seeks leave to amend the complaint to cure its jurisdictional deficiencies.
15   Our review of the record reveals a sworn declaration from Dennis Danzik that he is a
16   member of White Mountain LLC and a citizen of Arizona. See MSJ, ex. 1 (doc. 51). Thus,
17   it appears that permitting plaintiff to amend his complaint to state the citizenship of all parties
18   would be futile. We therefore dismiss the complaint for lack of subject matter jurisdiction.
19   Further, we dismiss this case as to Solverdi, regardless of whether it has been served, as the
20   legal result as to this defendant would be the same. See Abagninin v. AMVAC Chem. Corp.,
21   545 F.3d 733, 742-43 (9th Cir. 2008).

22   **III. Remaining Motions**

23   We will deny White Mountain's motion for summary judgment, and plaintiff's motion
24   to dismiss the Danziks on grounds of mootness.
25       A judgment is void if a court lacks subject matter jurisdiction. In re Ctr. Wholesale,
26   Inc., 759 F.2d 1440, 1448 (9th Cir. 1985). Because a judgment against the Carrigans and
27   White Mountain in this case would be void, and because the Danziks are no longer parties,
28   we grant the motions to set aside defaults and vacate the Clerk's entries of default against all

defendants.

## IV. The Carrigans' Motion for Sanctions

The Carrigans moved for sanctions against plaintiff pursuant to Rule 11, Fed. R. Civ. P. We are not precluded from considering this motion by our lack of subject-matter jurisdiction over this action. See Westlake N. Prop. Owners Ass'n v. Thousand Oaks, 915 F.2d 1301, 1303 (9th Cir. 1990) ("even if a court does not have jurisdiction over an underlying action, it may have jurisdiction to determine whether the parties have abused the judicial system and whether sanctions are appropriate to remedy such abuse"). Rule 11 states in part that

> (b) [b]y presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . .
>
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b). This rule "emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." Fed. R. Civ. P. 11 advisory committee's note (1993). The Carrigans contend that plaintiff's failure to properly allege jurisdiction in his complaint coupled with the lack of a factual basis supporting jurisdiction violates Rule 11(b)(2) and (3). Plaintiff argues that sanctions are unwarranted for two reasons: (1) jurisdictional allegations do not fall within the scope of Rule 11; and (2) "[j]urisdiction [e]xists." Resp. to Mot. for Sanctions at 7.

Plaintiff's argument that jurisdictional allegations do not fall under the scope of Rule 11 is preposterous. The rule does not carve out an exception for jurisdictional statements contained in pleadings, motions, or other papers, and this Circuit has awarded sanctions in

- 6 -

conjunction with a motion to dismiss under Rule 12(b)(1), Fed. R. Civ. P. See Orange Prod. Credit Ass'n v. Frontline Ventures Ltd., 792 F.2d 797, 800-01 (9th Cir. 1986) (upholding an imposition of sanctions under Rule 11 concerning a complaint that "completely lacked a factual foundation for subject matter jurisdiction"). Plaintiff reiterates the arguments raised in his defense of the motion to dismiss regarding notice and the existence of facts in the complaint that support jurisdiction. For the same reasons discussed above, we find these arguments unpersuasive.

Plaintiff's final argument, that sanctions are unwarranted because jurisdiction exists, has the opposite of its intended effect: it reveals why sanctions in this case are appropriate. Particularly troubling are counsel's repeated affirmative representations that jurisdiction exists, without discussion of facts and legal authority to the contrary. Giving plaintiff's counsel the benefit of the doubt, counsel was first aware of the jurisdictional defects of this case on September 12, 2011. Counsel for plaintiff and defendants discussed the requirements for diversity jurisdiction, and defendants' counsel outlined their position that diversity jurisdiction was lacking via email. That same day, defendants filed their motion to dismiss for lack of jurisdiction. On September 15, 2011, the Carrigans' counsel served the motion for sanctions on plaintiff's counsel. This motion outlined the complaint's jurisdictional defects, including plaintiff's failure to allege the citizenship of all of White Mountain's members.

In addition to informal communications with defendants' counsel, plaintiff's counsel was on notice of jurisdictional defects via court filings. On October 4, 2011, White Mountain filed a post default hearing memorandum (doc. 45), in which it outlined the law concerning diversity jurisdiction as applied to LLCs. Mem. at 5-10. The defendants' reply to the motion to dismiss filed on October 10, 2011 again outlined why plaintiff's allegations concerning White Mountain were jurisdictionally insufficient. Reply to Mot. to Dismiss at 5-8. That same day, White Mountain filed its motion for summary judgment, which again alleged that this court lacked jurisdiction. In support of its motion, White Mountain included a sworn declaration from former defendant Dennis Danzik, who stated that he is a member

of White Mountain and a citizen of Arizona.  MSJ, ex. 1.  Thus, as of October 10, 2011, plaintiff's counsel was not only aware of the law relating to diversity jurisdiction and LLCs, but was also presented with facts concerning White Mountain's citizenship that, if true, destroyed diversity jurisdiction.  Plaintiff's counsel was again reminded of the complaint's jurisdictional defects when the Carrigans' motion for sanctions was filed on October 13, 2011.

Despite being put on notice via informal communications with defendants' counsel and four separate court filings that plaintiff's diversity jurisdiction argument was at best specious, plaintiff's counsel continued to affirmatively represent to this court not that jurisdiction was arguably proper, but that it clearly exists.  On October 19, 2011, plaintiff's counsel signed and filed plaintiff's proposed findings of fact and conclusions of law relating to the post-default hearing (doc. 55).  The proposed conclusions of law state that "[d]efendant White Mountain Group, LLC ("White Mountain") is a Delaware limited liability company."  Proposed Findings of Fact at 4.  Without listing the citizenship of White Mountain's members, the document goes on to state that "[b]ased upon the foregoing, this Court properly has jurisdiction over this action," citing 28 U.S.C. § 1332.  Id.  Most recently, on October 31, 2011 plaintiff's counsel signed and filed a response to the motion for sanctions.  This filing boldly declares that "[j]urisdiction [e]xists."  Resp. to Mot. for Sanctions at 7.  Once again, plaintiff contends that jurisdiction is proper under § 1332 because "White Mountain is a Delaware company."  Id.  Without discussing either the law establishing that an LLC is a citizen of each of its members, or defendants' factual assertions that both plaintiff and at least one White Mountain member are citizens of Arizona, plaintiff's response states that "a reasonable factual basis of jurisdiction exists, as there is diversity among the remaining [d]efendants in the action."  Id.  The response concludes, again without mention of the contrary facts and law cited by defendants, with the statement "it is clear that diversity jurisdiction exists in the matter."  Id. at 8.

Even if plaintiff's counsel was unaware when filing the complaint in June that the failure to allege the citizenship of White Mountain's members may be jurisdictionally fatal,

- 8 -

the law and contrary facts highlighted by defendants in various court filings and informal communications makes plaintiff's counsel's later filings - the October 19, 2011 proposed findings of fact and the October 31, 2011 response to the motion for sanctions - suspect. Absent any discussion of the contrary facts and law suggesting that diversity jurisdiction is untenable in this case, counsel's continued affirmative representations of the existence of diversity jurisdiction in this case could not be submitted "to the best of the person's knowledge, information, and belief" or "formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). Counsel's repeated representations that diversity jurisdiction is proper are not "nonfrivolous argument[s] for extending, modifying, or reversing existing law." Id. Plaintiff's counsel do not refute the factual allegations regarding Danzik's White Mountain membership and his citizenship. They do not argue for the modification of the law concerning citizenship of LLCs. They simply ignore both alleged facts and law. It is unclear whether they do so because of strategy or incompetence. Either way, plaintiff's counsel have crossed the line from zealous representation to sanctionable conduct.[3] We conclude that plaintiff's counsel violated Rule 11(b)(2), Fed. R. Civ. P.

Sanctions are designed to deter rather than punish. See id. 11(c)(4). We cannot impose monetary sanctions against a represented party for violating Rule 11(b)(2). Id. 11(c)(5)(A). And unless "exceptional circumstances" exist, we must hold a law firm jointly responsible for violations committed by any of its partners or associates. Id. 11(c)(1). In

---

[3] We note that the conduct of plaintiff's counsel also raises questions regarding their adherence to the Arizona Rules of Professional Conduct. Specifically, the conduct of plaintiff's counsel stands in contrast to state rules regarding candor toward the tribunal and meritorious claims. Under ER 3.3(a)(1), a lawyer cannot knowingly "make a false statement of fact or law to a tribunal." In addition, Arizona lawyers are prohibited from defending a position "unless there is a good faith basis in law and fact for doing so that is not frivolous, which may include a good faith and nonfrivolous argument for an extension, modification or reversal of existing law." ER 3.1. As discussed above, counsel's repeated failure to even mention or acknowledge that settled law considers LLCs to be citizens of all of their members is not an argument for a modification of the law. And counsel's assertion that "it is clear that diversity jurisdiction exists," Resp. to Mot. for Sanctions at 8, appears to be false.

1  this case, monetary sanctions are appropriate. Plaintiff's counsel was repeatedly informed
2  of the jurisdictional issues in this case. Rather than dismiss White Mountain from this action
3  or conduct a reasonable inquiry into defendants' claims that the citizenship of Dennis Danzik,
4  a purported White Mountain member, defeated diversity jurisdiction, plaintiff's counsel chose
5  to ignore these defects and advocate an untenable position. We therefore order that the firm
6  Mack Drucker & Watson PLC pay the attorney's fees and costs incurred by the Carrigans in
7  bringing their motion for sanctions.

## V. Conclusion

**IT IS ORDERED GRANTING** the Carrigans' motion for sanctions (doc. 53). **IT IS FURTHER ORDERED** that the law firm of Mack Drucker & Watson PLLC shall pay the costs and attorney's fees associated with this motion. The Carrigans shall have ten days from the date of this Order to file an itemized list of costs and fees incurred along with any documentation supporting the award of fees and costs. Plaintiff's counsel will then have seven days to file objections to the reasonableness of the fees.

**IT IS ORDERED GRANTING** defendants' motion to dismiss for lack of subject matter jurisdiction (doc. 37).

**IT IS ORDERED GRANTING** the Danziks' motion to set aside default (doc. 27).

**IT IS ORDERED DENYING** plaintiff's motion to dismiss the Danziks (doc. 43) on grounds of mootness.

**IT IS ORDERED GRANTING** the Carrigans' motion to set aside default (doc. 34).

**IT IS ORDERED DENYING** White Mountain's motion for summary judgment on grounds of mootness (doc. 50).

The Clerk shall vacate the entry of default against all defendants, and shall dismiss this action for lack of subject matter jurisdiction.

DATED this 17th day of November, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 10 -