Dax R. Watson [No. 020054]
Chad R. Kaffer [No. 022909]
**MACK DRUCKER & WATSON, P.L.C.**
3200 North Central Avenue, Suite 1200
Phoenix, Arizona  85012
Telephone:  (602) 778-9900
Facsimile:   (602) 778-9947

*Attorneys for Plaintiff*

docket@mackazlaw.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| CHRISTOPHER LARSON,<br><br>                    Plaintiff,<br><br>        v.<br><br>WHITE MOUNTAIN GROUP, LLC, a Delaware limited liability company; SOLVERDI WORLDWIDE, LTD., an Australian corporation; RICHARD CARRIGAN and JANE DOE CARRIGAN, husband and wife DENNIS DANZIK and JANE DOE DANZIK, husband and wife; WHITE CORPORATIONS I-X, BLACK LIMITED LIABILITY COMPANIES I-X AND GREEN PARTNERSHIPS I-X,<br><br>                    Defendants. | CASE NO.  2:11-cv-01111-FJM<br><br><br><br>**MEMORANDUM OF EXPLANATION** |

This pleading is not a Motion for Reconsideration; rather, it is a Memorandum of Explanation as to the position taken by counsel undersigned in this action.  The law firm of Mack Drucker & Watson, PLC, will obey, without further protest, this Court's Order of November 17, 2011, and pay the reasonable attorneys' fees and costs incurred by the Carrigans in bringing their Motion for Sanctions in an amount ordered by this Court.  However, our firm's reputation is important to us.  We therefore provide this memorandum

1

to clarify and explain our position regarding federal jurisdiction, and specifically diversity of citizenship.  This memorandum is supported by the following Memorandum of Points and Authorities, as well as the record in this case.

RESPECTFULLY SUBMITTED this **18th** day of November 2011.

                **MACK DRUCKER & WATSON, P.L.C.**

                By */S/ Chad R. Kaffer*
                     Dax R. Watson
                     Chad R. Kaffer
                     *Attorneys for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

The citizenship of Defendant White Mountain Group, LLC, has been clouded by the two inconsistent declarations of Dennis Danzik.  If Mr. Danzik's declaration filed before the Court on September 6, 2011, is true, he has never been a member of White Mountain, and diversity jurisdiction exists.  Conversely, if Mr. Danzik's declaration filed before the Court on October 10, 2011, is true, then Mr. Danzik is a member of White Mountain and there is no diversity of citizenship.

Specifically, in a sworn Declaration filed with the Court on October 10, 2011 in support of White Mountain's Motion for Summary Judgment, Mr. Danzik stated "I am a member of White Mountain Group, LLC, a Defendant in the above matter."  *See* Declaration of Dennis Danzik, Doc. No. 51.  A copy of that Declaration is attached as *Exhibit "A"* for the Court's convenience.

2

Yet, Mr. Danzik took the exact opposite position in a Declaration filed before this Court on September 6, 2011. In that declaration, Mr. Danzik stated "Mr. Carrigan is the sole owner of White Mountain. <u>I am not, and have never been, an owner</u>." *See* Declaration of Dennis Danzik at ¶ 7 (Emphasis added), Doc. No. 28. Mr. Danzik went on to state in that Declaration, "Given my minimal involvement with Larson and <u>the sheer absence of any material involvement, either as a principal in a company or directly</u>, in any business transactions with Larson, I was caught totally unaware of any purported dispute; I had no reason to believe I would be sued by Larson." *Id* at ¶ 15 (Emphasis added). A copy of that Declaration is attached as ***Exhibit "B"*** for the Court's convenience.

Upon receipt of Mr. Danzik's conflicting second declaration, counsel undersigned provided a letter to opposing counsel identifying the conflicting statements and requesting clarification,[1] or that opposing counsel withdraw their Motion for Sanctions, and White Mountain's Motion for Summary Judgment. A copy of that letter is attached as ***Exhibit "C"*** for the Court's convenience. Within that letter, counsel undersigned also explained that the most recent corporate inquiry of Defendant White Mountain evidenced that White Mountain did not have members. *Id.* Under prevailing federal law, therefore,

---

[1] The issue of Mr. Danzik's purported status as a member of White Mountain was first raised in a Motion for Summary Judgment. *See* Declaration of Dennis Danzik, Doc. No. 51. Defendants next raised the issue of Mr. Danzik's status as a member of White Mountain in their Reply in Support of Motion for Sanctions filed subsequent to that Motion. As no Response could be made to that Reply, Plaintiff's first opportunity to refute Mr. Danzik's affidavit was Plaintiff's Response to Defendant White Mountain's Motion for Summary Judgment, and Statement of Disputed Facts filed in Support of That Motion. Those pleadings contain the analysis set forth in this memorandum. *See* Response to Motion for Summary Judgment, Doc. No. 59; Statement of Disputed Facts, Doc. 60.

3

1  White Mountain was deemed to be solely a citizen of Delaware, barring the existence of

2  evidence to the contrary. *See ConnectU, LLC v. Zuckerburg*, 482 F. Supp. 2d 3 (D. Mass.

3  2007).

4

5       In response, on October 27, 2011, opposing counsel provided a letter that failed to

6  explain the discrepancies in Mr. Danzik's testimony.  A copy of that letter is attached as

7  **Exhibit "D"** for the Court's convenience.  That letter also provided an operating

8  agreement, which was back-dated to become effective January 1, 2009, evidencing Mr.

9  Danzik as holding an interest in the company through a Deja II, LLC, and disclosed an

10 additional member, John O. Hoffman.  *Id* at Exhibit A.  As made clear by the Court in

11 *ConnectU,* however, a diversity analysis regarding a limited liability company's

12 membership is made at the time of the filing of the Complaint, and cannot be affected by a

13 back-dated effective date.  *See ConnectU, LLC v. Zuckerburg*, 482 F. Supp. 2d 3 (D. Mass.

14 2007).

15      Based upon Mr. Danzik's September 6, 2011, testimony that "Mr. Carrigan is the

16 sole owner of White Mountain.  I am not, and have never been, an owner…" counsel

17 undersigned reasonably assumed that the Operating Agreements provided were created

18 following that declaration, and presumably prior to Mr. Danzik's most recent October 10,

19 2011 declaration.  Per the holding of *ConnectU*, White Mountain had no members at the

20 time Plaintiff filed its Complaint, meaning White Mountain would be deemed to be solely a

21 citizen of Delaware for a diversity analysis.  *See ConnectU, LLC v. Zuckerburg*, 482 F.

22 Supp. 2d 3 (D. Mass. 2007).

## CONCLUSION

The law firm of Mack, Drucker & Watson, PLC respects the decision of the Court in this matter. The firm respectfully proffers the foregoing as an explanation of counsel's inquiry into the status of Defendant White Mounatin's citizenship for diversity purposes.

. . .

RESPECTFULLY SUBMITTED this **18th** day of November 2011.

                              **MACK DRUCKER & WATSON, P.L.C.**

                              By */S/ Chad R. Kaffer*
                                   Dax R. Watson
                                   Chad R. Kaffer
                                   *Attorneys for Plaintiff*

**ORIGINAL** of the foregoing filed via the
Court's electronic filing system this **18th** day
of November, 2011.


*/S/ Berlinda L. Corpora*

Y:\Clients\Larson- White Mountain\11-cv-01111 Federal\Pleadings- Federal\Memorandum of Explanation.doc     2168.003

# CERTIFICATE OF SERVICE

I, Berlinda L. Corpora, hereby certify that on November 18, 2011, I electronically transmitted the attached document to the Clerk's Office using the United States District Court's ECF filing system, and on this same day a copy was sent via U.S. First Class mail to:

Roger L. Cohen, Esq.
Kathi Mann Sandweiss, Esq.
Valerie L. Marciano, Esq.
JABURG & WILK, P.C.
3200 North Central Avenue, Suite 2000
Phoenix, Arizona  85012

DATED this **18th** day of November, 2011

*/S/ Berlinda L. Corpora*
Berlinda L. Corpora