# EXHIBIT "C"



## MACK DRUCKER & WATSON

Richard V. Mack
(Certified Real Estate Specialist)
Scott M. Drucker
(Also Admitted in Maryland)
Dax R. Watson
Paula M. DeMore
Susan T. Watson
Alan L. Kierman
Carlotta L. Turman
Chad R. Kaffer
Erin E. Szajna
Troy B. Stratman
Gregory M. Monaco
Patrick R. MacQueen
Michael H. Orcutt
John F. Fyke

Attorneys at Law
A Professional Limited
Liability Company

3200 North Central Avenue, Suite 1200
Phoenix, Arizona 85012
(602) 778-9900  Fax: (602) 778-9947

October 17, 2011

***VIA HAND-DELIVERY***
***AND ELECTRONIC MAIL TO:***
***rlc@jaburgwilk.com and vlm@jaburgwilk.com***

Roger L. Cohen, Esq.
Valerie L. Marciano, Esq.
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona  85012

     Re:    ***Larson adv. White Mountain, et. al; 2:11-cv-01111-FJM***

Dear Roger and Val:

     I am in receipt of your client's Reply in Support of Motion to Dismiss, Motion for Summary Judgment, Separate Statement of Facts, Motion for Sanctions, and Declaration of Roger Cohen in Support of that Motion for Sanctions all filed recently in the above-referenced matter.  Candidly, I was somewhat taken aback as to the contents of the Motions and that Declaration, which all hinge upon an alleged lack of diversity jurisdiction among the Defendants.

     Originally, that matter was filed against your clients the Danzik Defendants, the Carrigan Defendants and White Mountain Group, LLC.  As you know, the Danzik Defendants were dismissed from that action due to their status as citizens of Arizona.  And, while you may allege that Mr. Danzik is an indispensible party, prevailing federal law universally holds that Rule 19(b) should be construed in the broadest terms possible against dismissal, unless it is truly impossible to render relief without the presence of a party.  *See e.g. Universal*

Mr. Roger L. Cohen, Esq.
Ms. Valerie L. Marciano, Esq.
October 17, 2011
Page 2

*Reinsurance Co. v. St. Paul Fire and Marine Ins. Co.*, 312 F.3d 82 C.A. 2 (N.Y. 2002).  One of several parties jointly liable in tort is not an indispensible party. *See Armstrong v. New La Paz Gold Mining Co.*, 107 F.2d 453 (Cal. 1939).

Assuming for sake of argument my analysis is correct, that leaves the Carrigans and White Mountain as Defendants in the action.  It is clear that the Carrigans are citizens of Nevada; indeed, though given several opportunities to allege otherwise, the Carrigans have only proffered evidence of Nevada citizenship.  *See* Declaration of Richard Carrigan, ¶3, Document 3.  It would appear, therefore, that the only party that could possibly defeat diversity would be White Mountain.

As explained in your Reply in Support of Motion to Dismiss and Motion for Summary Judgment, LLCs are treated like partnerships for purposes of determining citizenship, such that the LLC is said to be a citizen of its principal place of business, as well as every state that a partner resides.  In your most recent motion, you have alleged that White Mountain is a Citizen of Delaware, as well as a citizen of Arizona, by virtue of Mr. Danzik's most recent Declaration that he is a member of White Mountain.

Please note, prior to filing the instant action, this office performed a corporate inquiry of White Mountain.  As you may be aware, pursuant to Delaware law a party that seeks to form a company in Delaware need not disclose its membership.  Specifically, per DEL. CODE ANN. tit. 6, § 18-201 section:

> (a) In order to form a limited liability company, 1 or more authorized persons must execute a certificate of formation.  The certificate of formation shall be filed in the office of the Secretary of State and set forth:
>
> > (1)    The name of the limited liability company;
> >
> > (2)    The address of the registered office and the name and address of the registered agent for service of process required to be maintained by § 18-104 of this title; and
> >
> > (3)    Any other matters the members determine to include therein.

I have included the most recent corporate inquiry of White Mountain, which evidences that White Mountain did not disclose its members at the time of formation, or any time thereafter.  *See* Corporate Inquiry, attached as ***Exhibit A.***  As such, White Mountain is considered to be solely a citizen of the state of Delaware for diversity purposes.  *See ConnectU, LLC v. Zuckerburg*, 482 F. Supp. 2d 3 (Mass. App. Div. 2007).

Mr. Roger L. Cohen, Esq.
Ms. Valerie L. Marciano, Esq.
October 17, 2011
Page 3

More importantly, however, is that your evidence that Mr. Danzik is a member of White Mountain rests in a declaration filed with the Court on October 10, 2011, wherein Mr. Danzik states, "I am a member of White Mountain Group, LLC, a Defendant in the above matter." *See* Decl. Dennis Danzik at ¶ 1, Document 51. Yet, in Mr. Danzik's prior Declaration filed before the Court on September 6, 2011, he is adamant that he is not an owner, nor principal of White Mountain. *See* Decl. Dennis Danzik, Document 28. Specifically, Mr. Danzik declared under penalty of perjury as follows:

> "White Mountain is the parent of a set of limited liability companies established to make investments in various companies. <u>Mr. Carrigan is the sole owner of White Mountain. I am not, and have never been, an owner.</u>" *Id* at ¶ 7 (emphasis added).
>
> ...
>
> "Given my minimal involvement with Larson and <u>the sheer absence of any material involvement, either as a principal in a company or directly,</u> in any business transactions with Larson, I was caught totally unaware of any purported dispute; I had no reason to believe I would be sued by Larson." *Id* at ¶ 15.

The only logical conclusion is that Mr. Danzik was untruthful in his prior testimony, or is being untruthful in his most recent testimony. I believe either scenario is not germane to the question of diversity, as the lack of any manifestation to appoint members to White Mountain prior to Mr. Larson's filing of the action renders White Mountain a Delaware limited liability company for purposes of a diversity analysis. That said, in light of Mr. Danzik's contradictory statements regarding his membership in White Mountain, you can no longer believe those pleadings that rely upon his Declaration to be made in good faith. I, therefore, request that your client's Reply in Support of Motion to Dismiss, Motion for Summary Judgment, Separate Statement of Facts, Motion for Sanctions, and Declaration of Roger Cohen in support of that Motion be withdrawn no later than 5:00 p.m. on Tuesday, October 18, 2011. If they have not been withdrawn, I will be left with no choice but to file a motion for sanctions pursuant to *Fed. R. Civ. P.*, Rule 11. Please be advised, my client will seek his attorneys' fees expended in those filing that Motion and responding to those pleadings.

I believe that, in light of the foregoing, it is clear that diversity among the remaining litigants does exist. To that end, I would also request that you withdraw those Motions to Dismiss already filed in the action and consent to the jurisdiction of the Court. If, however, you disagree, and wish to have additional time to file a Reply that removes those references to Mr. Danzik's Declaration, please let me know and I will stipulate to an extension.

*Mr. Roger L. Cohen, Esq.*
*Ms. Valerie L. Marciano, Esq.*
*October 17, 2011*
*Page 4*

On an unrelated note, I wanted to address the tenor of your most recent filings. Allow me to preface by saying it is my view that clients seek out the services of an attorney in large part due to the emotional detachment the attorney has to the litigation, which should lend an air of objectivity. That said, I believe that objectivity can be lost for the parties and their counsel when one resorts to unwarranted *ad hominem* attacks. Having dealt with your firm on numerous previous occasions, I was taken aback by bald statements that a differing legal opinion reflects "breathtaking arrogance" or "anti-intellectualism," etc. Not only are statements of this type unwarranted, but they serve to simply embolden our respective clients, rather than to bring about resolution of the parties' dispute. I would hope that this action could move forward in a more professional and collegial manner in the future, and assume such statements were simply reflective of misplaced zealousness.

Please advise how your clients wish to proceed.

Regards,

MACK DRUCKER & WATSON, PLC

Chad R. Kaffer
For the Firm

CRK/blc

# EXHIBIT "A"

# Entity Details

| | | | |
|---|---|---|---|
| **File Number:** | **4617611** | Incorporation Date / Formation Date: | **10/30/2008** (mm/dd/yyyy) |
| **Entity Name:** | **WHITE MOUNTAIN GROUP, LLC** | | |
| **Entity Kind:** | **LIMITED LIABILITY COMPANY (LLC)** | **Entity Type:** | **GENERAL** |
| **Residency:** | **DOMESTIC** | State: | **DE** |
| **Status:** | **GOOD STANDING** | Status Date: | **09/23/2011** |

## TAX INFORMATION

| | | | |
|---|---|---|---|
| **Last Annual Report Filed:** | **NO REPORTS ON FILE** | Tax Due: | **$ 0.00** |
| **Annual Tax Assessment:** | **$ 250.00** | Total Authorized Shares: | **0** |

## REGISTERED AGENT INFORMATION

| | | | |
|---|---|---|---|
| Name: | **HARVARD BUSINESS SERVICES, INC.** | | |
| Address: | **16192 COASTAL HIGHWAY** | | |
| City: | **LEWES** | County: | **SUSSEX** |
| State: | **DE** | Postal Code: | **19958** |
| Phone: | **(302)645-7400** | | |

## FILING HISTORY (Last 5 Filings)

| Seq | Document Code | Description | No. of pages | Filing Date (mm/dd/yyyy) | Filing Time | Effective Date (mm/dd/yyyy) |
|---|---|---|---|---|---|---|
| 1 | 0102Y | Register L.L.C. | 1 | 10/30/2008 | 11:30 | 10/30/2008 |



To contact a Delaware Online Agent click here.