**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Larson, ) | CV 11-01111-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| White Mountain Group LLC; Solverdi ) Worldwide Limited; Richard Carrigan; ) Unknown Carrigan, ) | |
| Defendants. ) | |

The court has before it defendants White Mountain Group and the Carrigans' motion to strike plaintiff's memorandum of explanation (doc. 66). We also have before us a statement of attorneys fees from White Mountain Group, the Carrigans, and dismissed parties the Danziks (doc. 67), and a response from plaintiff's counsel (doc. 69). Although we did not invite a reply, defendants submitted one (doc. 70). Finally, defendants move to strike portions of plaintiff's response to the statement of attorney's fees (doc. 71).

On November 17, 2011, we granted the Carrigans' motion for sanctions (doc. 61). We ordered that plaintiff's law firm pay the fees and costs that the Carrigans incurred by bringing their motion for sanctions. We directed the Carrigans to file an itemized list of costs and fees, and provided plaintiff's counsel with the opportunity to object to the reasonableness of those fees.

The next day, plaintiff's counsel filed a document titled a "memorandum of explanation" (doc. 65). Plaintiff's counsel notes that the memorandum is not a motion for reconsideration, but rather a memorandum to clarify and explain the firm's position regarding

1  diversity of citizenship in this action. White Mountain and the Carrigans move to strike this
2  document, either because it is an improper filing not authorized by the rules of civil
3  procedure, or because it does not meet the requirements for a motion for reconsideration. See
4  LRCiv 7.2(m)(1) (permitting motions to strike to be filed that seek to "strike any part of a
5  filing or submission on the ground that it is" not authorized by "statute, rule, or court order").
6  Neither the local rules nor the federal rules of civil procedure authorize the filing of a
7  "memorandum of explanation." Plaintiff's counsel had an opportunity to be heard when
8  responding to the Carrigans' motion for sanctions. The rules do not invite further explanation
9  now that we have ruled on the motion. Nevertheless, we can understand how a firm against
10 whom sanctions have been imposed would want to at least explain its behavior.
11 Accordingly, defendants' motion to strike the memorandum of explanation is denied.

12 In granting the Carrigans' motion for sanctions, we ordered that plaintiff's law firm
13 pay the "attorney's fees and costs incurred by the Carrigans in bringing their motion for
14 sanctions." Order at 10. Counsel for the Carrigans, White Mountain, and dismissed
15 defendants the Danziks filed a statement of attorney fees (doc. 67) and declaration in support
16 of the fees (doc. 68). The defendants state that "it is both reasonably understood and
17 appropriate that the Court intended, by the Order, to award Defendants their attorney fees and
18 costs" that were incurred by all defendants throughout the course of this action. Decl. at 6.
19 The amount requested by defendants is $58,522.50. On the contrary, our order was clear:
20 we directed that plaintiff's counsel would be responsible for paying the Carrigans' costs in
21 bringing their motion for sanctions. An order awarding all defendants all attorney fees
22 incurred in their defense of this action would be inappropriate. It would go beyond the
23 purpose of sanctions, which we noted when granting the Carrigans' motion are "designed to
24 deter rather than punish." Order at 9.

25 Plaintiff's counsel objects to paying the full amount requested by defendants, and
26 suggests that an award of $1,500.00 in fees to the Carrigans would be sufficient. Defendants
27 state that a total of $6,562.50 in fees were incurred for the Rule 11 letter, motion, and reply.
28 Our order asked the Carrigans to submit an itemized list of costs and fees their counsel

1 incurred in bringing the motion for sanctions. Defendants submitted a thirty-one page
2 invoice that lists all legal fees incurred by all defendants for the entire action. We decline
3 to try and parse through the invoice on our own - that is why we asked the Carrigans to
4 provide us with an itemized list in the first place. Our review of the Carrigans' motion and
5 reply suggests that twelve hours should have been a reasonable amount of time within which
6 to prepare these filings. Plaintiff's counsel did not object to the reasonableness of defense
7 counsel's hourly billing rate, which ranges between $275.00 per hour (for two of the three
8 lawyers working on this action) to $350.00 per hour (for the other lawyer). Applying the
9 billing rate of $275.00 per hour, we conclude that plaintiff's law firm shall pay $3,300.00 to
10 the Carrigans as sanctions.

11 Finally, defendants move to strike portions of the response to the application for
12 attorneys' fees, arguing that pages six through eight are an improper attempt to present
13 arguments inviting us to reconsider our ruling granting the motion for sanctions. But these
14 arguments are presented within a filing we specifically invited plaintiff's counsel to submit.
15 LRCiv 7.2(m) prohibits this sort of motion to strike. We deny defendants' motion to strike
16 portions of the response.

17 **IT IS ORDERED DENYING** White Mountain and the Carrigans' motion to strike
18 the memorandum of explanation (doc. 66).

19 **IT IS ORDERED DENYING** White Mountain and the Carrigans' motion to strike
20 portions of plaintiff's response to application for attorneys' fees (doc. 71).

21 **IT IS FURTHER ORDERED** that, pursuant to our order dated November 17, 2011,
22 the law firm of Mack Drucker & Watson, P.L.C. shall pay the Carrigans $3,300.00 in
23 attorney fees.

24 DATED this 22nd day of December, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge